THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALI J. NAINI, | CASE NO. C19-0886-JCC |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY PUBLIC HOSPITAL DISTRICT NO. 2 d/b/a EVERGREEN HOSPITAL MEDICAL CENTER *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant King County Public Hospital District No. 2's ("Evergreen") motion for a temporary restraining order and to vacate a preliminary injunction (Dkt. No. 86). Having considered the parties' briefing and the relevant record, the Court VACATES the King County Superior Court's preliminary injunction (Dkt. No. 16-3) and DENIES Evergreen's request for a temporary restraining order for the reasons explained herein.

**I.     BACKGROUND**

On October 25, 2017, Plaintiff filed the original complaint in this case in King County Superior Court. (*See* Dkt. No. 11-1.) In that complaint, Plaintiff alleged that Defendants had threatened to revoke his hospital privileges if he did not complete a competency assessment at the University of California in San Diego. (*Id.* at 3.) Plaintiff argued that this threat violated his constitutional and contractual due process rights. (*See id.* at 26–28.) He therefore requested that

the Superior Court enjoin Defendants from revoking his hospital privileges using § 16.4-8 of Evergreen's bylaws, (*see id.*), which states that failure to timely complete a Focused Professional Practice Examination-Concern period ("FPPE") shall be deemed a voluntary resignation, (*see id.* at 4). In response to Plaintiff's complaint, Defendants agreed to withdraw, "without prejudice," the FPPE requiring Plaintiff to complete the competency assessment. (*See* Dkt. No. 12-8 at 8.)

Over the next year, the parties engaged in protracted discovery disputes and submitted dueling summary judgment motions. (*See, e.g.*, Dkt. Nos. 12-6, 13-10, 13-23, 14-16, 14-18.) During this time period, Plaintiff's central claim was that Defendants continued to threaten to use § 16.4-8 to revoke his privileges. (*See, e.g.*, Dkt. Nos. 13-8 at 3–5, 14-16 at 3.) Defendants' primary response was that Plaintiff's privileges were not yet threatened and that Plaintiff's lawsuit was premature. (*See, e.g.*, Dkt. No. 14-18 at 2.) In an attempt to render Plaintiff's lawsuit moot, Defendants even offered to stipulate that they would not use § 16.4-8 against Plaintiff. (*See* Dkt. No. 14-21 at 1.)

The nature of the case dramatically changed on January 15, 2019, when Dr. James O'Callaghan, the president of Evergreen's medical staff, informed Plaintiff that his privileges had been suspended. (*See* Dkt. No. 28 at 36.) In response to Dr. O'Callaghan's announcement, Plaintiff asked the Superior Court to "enter a preliminary injunction prohibiting any interference with his exercise of privileges at EvergreenHealth." (Dkt. No. 14-26 at 26.) Although Plaintiff requested a broadly worded injunction, Plaintiff aimed his motion at undoing Defendants' recent decision, which Plaintiff argued had denied him his constitutional and contractual rights to due process. (*See id.* at 16–17.)

The Superior Court agreed with Plaintiff that Defendants had likely denied him due process and violated Evergreen's bylaws when Defendants suspended his privileges. (Dkt. No. 16-13 at 4.) The Superior Court therefore vacated Plaintiff's suspension and issued a preliminary injunction. (*Id.* at 4–6.) The Superior Court's order was, however, somewhat inconsistent. On the one hand, the Superior Court stated, "Evergreen Health may initiate a new process, with notice

and opportunity to be heard, with respect to [Plaintiff's] application to renew his privileges." (*Id.* at 6.) On the other hand, the Superior Court broadly enjoined Defendants from "[t]aking any action that prevents, prohibits, or interferes with plaintiff's exercise of privileges and prerogatives as an active staff member of the EvergreenHealth Medical Center." (*Id.* at 4.)

This broadly-worded injunction gave rise to the present issue. On October 31, 2019, Plaintiff received a patient with a traumatic brain injury. (Dkt. No. 92 at 2.) Over the next few days, Plaintiff and other doctors treated the patient, but he ultimately died due to severe post-surgery swelling. (*See generally* Dkt. Nos. 87, 92.) Due to concerns over Plaintiff's treatment of the patient, Evergreen wishes to invoke Article 16 of its bylaws and suspend Plaintiff's privileges pending an investigation. (*See* Dkt. No. 86 at 4–5.) But Evergreen is unable to invoke Article 16 because of the Superior Court's broadly worded injunction. (*See* Dkt. No. 16-13 at 4.) Evergreen therefore asks the Court to vacate the Superior Court's preliminary injunction or, in the alternative, to issue a temporary restraining order barring Plaintiff from exercising his privileges for 20 days. (*See* Dkt. No. 86 at 10.)

## II. DISCUSSION

### A. Plaintiff's Request to Vacate

Federal law governs the rules for modifying a preliminary injunction entered by a state court prior to removal. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 437 (1974); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1183 n.5 (N.D. Cal. 2009). Those rules give a district court "wide discretion" to modify an injunction in the face of changed circumstances or new facts.[1] *See A&M Records,*

---

[1] Plaintiff asserts that a "party seeking modification or dissolution of an injunction bears the burden of establishing that a *significant* change in facts or law warrants revision or dissolution of the injunction." (Dkt. No. 91 at 12) (emphasis in original) (quoting *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000)). But Plaintiff erroneously refers to the more stringent standard for revising or dissolving a permanent injunction. *See, e.g.*, *Sharp*, 233 F.3d at 1170; *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1255 (9th Cir. 1999). A more flexible standard applies to preliminary injunctions. *See Dore & Assocs. Contracting, Inc. v. Am. Druggists' Ins. Co.*, 54 B.R. 353, 360 (Bankr. W.D. Wis. 1985). That standard reflects a district court's

*Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002) (quoting *Sys. Fed'n No. 91 v. Wright*, 364 U.S. 642, 647–48 (1961)).

When the Superior Court issued the preliminary injunction in this case, its primary concern was about the process—or lack thereof—that Defendants afforded Plaintiff prior to suspending his privileges. (*See* Dkt. Nos. 32-1 at 63) ("In other words, I'm not foreclosing the administrative process from starting again, and being done properly."). Those circumstances justified immediate action to undo the suspension and preserve the status quo. But they did not justify prohibiting Evergreen from ever suspending Plaintiff's privileges regardless of the situation. Indeed, the Superior Court acknowledged as much: it allowed Evergreen to "initiate a new process . . . with respect to [Plaintiff's] application to renew his privileges" so long as Evergreen gave Plaintiff notice and an opportunity to be heard. (Dkt. No. 16-13 at 6.)

The present circumstances are far different than those faced by the Superior Court. Evergreen is not attempting to summarily revoke Plaintiff's privileges by invoking § 16.4-8. Nor is Evergreen refusing to renew Plaintiff's privileges without giving Plaintiff an opportunity to be heard. Instead, Evergreen wants to use §§ 16.2 or 16.3 to suspend Plaintiff's privileges pending an investigation into the recent death of a 20-year old boy who Plaintiff treated. (*See* Dkt. No. 86 at 4–6.) Those provisions are designed to address situations that are far different than those that the Superior Court considered. (*See* Dkt. No. 12-8 at 129–31.) In addition, those provisions provide substantially more process than what Evergreen afforded Plaintiff when it decided to not renew his privileges in January 2019. (*See id.* at 124–131, 135–55.) For example, if a suspension pursuant to §§ 16.2 or 16.3 lasts longer than 14 days, then the suspended practitioner is entitled to a hearing under Article 17 of the bylaws. (*Id.* at 129–31.) Article 17, in turn, entitles the practitioner to representation by counsel, requires prehearing disclosure of witnesses and materials, gives the practitioner the right to call and examine witnesses, and allows the

---

"inherent authority to modify a preliminary injunction in consideration of new facts." *See A&M Records, Inc. v. Napster, Inc.*, 284 F.3d 1091, 1098 (9th Cir. 2002).

practitioner to appeal the hearing officer or committee's decision to Evergreen's Board of Commissioners. (*See id.* at 135–55.)

Given these different circumstances, the Court concludes that the Superior Court's preliminary injunction should be vacated so that Evergreen can follow its bylaws while investigating the death of Plaintiff's patient. The Superior Court could not have predicted that one of Plaintiff's patients might die in contested circumstances. It is therefore unlikely that the Superior Court intended to constrain Evergreen's ability to exercise its professional judgment and invoke §§ 16.2 or 16.3. What the Superior Court did intend was to ensure that Evergreen would afford Plaintiff due process if the hospital sought to revoke Plaintiff's privileges in the future. (*See* Dkt. Nos. 16-13 at 6, 32-1 at 63.) The procedures set forth in §§ 16.2 and 16.3 appear to comply with the spirit of the Superior Court's preliminary injunction because they afford Plaintiff at least a modicum of process. (*See* Dkt. No. 12-8 at 124–131, 135–55.)

Of course, Plaintiff is free to challenge Evergreen's attempt to use Article 16 or any ultimate decision that Evergreen makes regarding Plaintiff's privileges. However, it is appropriate for Plaintiff, not Defendants, to bear the burden of showing that any action Evergreen takes violates Plaintiff's legal or equitable rights. *See Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010). Absent the existing preliminary injunction, which was designed to address entirely different circumstances, Plaintiff would bear that burden.

### B. Plaintiff's Request for an Injunction

Given the Court's conclusion that the Superior Court's preliminary injunction should be vacated, it is unnecessary for the Court to issue an order enjoining Plaintiff from practicing medicine at Evergreen. The better approach is for the Court to allow Evergreen to decide whether it wishes to suspend Plaintiff's privileges pursuant to §§ 16.2 or 16.3 of its bylaws.

## III. CONCLUSION

For the foregoing reasons, the Court VACATES the Superior Court's preliminary injunction (Dkt. No. 16-3) and DENIES Evergreen's request for a temporary restraining order

(Dkt. No. 86).

DATED this 12th day of November 2019.

*John C. Coughenour*
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-0886-JCC
PAGE - 6