THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALI J. NAINI, | CASE NO. C19-0886-JCC |
| Plaintiff, | ORDER |
| v. | |
| KING COUNTY PUBLIC HOSPITAL DISTRICT NO. 2 d/b/a EVERGREEN HOSPITAL MEDICAL CENTER *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant King County Public Hospital District No. 2's (Evergreen) motion for a protective order regarding requests for production numbers 92–98 and 112 (Dkt. No. 67). Having considered the parties' briefing and the relevant record, the Court GRANTS in part and DENIES in part Evergreen's motion.

## I. BACKGROUND

The Court previously laid out Plaintiff's allegations and the procedural history in this case; the Court will not repeat that information here. (*See* Dkt. No. 79 at 1–4.) On August 26, 2019, Plaintiff served Evergreen with his eighth set of discovery requests, including request numbers 92–98 and 112. (*See* Dkt. No. 68-1 at 4–7, 10.) Request numbers 92–98 seek the following information about the end of employment at Evergreen of Robert Geise, M.D., Chair of the Quality Peer Review Committee and past-President of the Medical Staff; Emun Abdu,

ORDER
C19-0886-JCC
PAGE - 1

M.D.; Amy Beiter, M.D. and former CEO; Peter Nora, M.D.; Robert Malte, former CEO; Debbie Pickett, former manager of the Medical Staff Office; and Tracy Michalek, former manager of the Medical Staff Office:

> [A]ll documents related to the end of [the individual's] employment at EvergreenHealth, including documents memorializing the reason for [his/her] departure, documents memorializing decision-making regarding [his/her] departure, documents memorializing any agreements, terms, or conditions regarding [his/her] end of employment, documents memorializing discussions, decisions, or meetings of the EvergreenHealth Board of Commissioners regarding [his/her] end of employment, and communications sent or received by EvergreenHealth medical staff officers, executives, and human resources personnel regarding [his/her] end of employment.

(*see id.* at 4–7.) Request number 112 seeks the following information regarding Evergreen's plans for neurosurgery at the hospital:

> For the time period January 1, 2014 to the present, produce all emails, memos, correspondence, and other documents sent, distributed, or drafted by any Evergreen employee, person with medical staff privileges at Evergreen, or member of the Evergreen Board of Commissioners relating to Evergreen's strategic direction and future plans for the neurosurgery department, including with regard to the use of hospital employed physicians versus third-party practices for the provision of neurosurgery services.

(*id.* at 10.)

On September 20, 2019, counsel for Evergreen and Plaintiff had a conference call in which they discussed Plaintiff's eight set of discovery requests. (*See* Dkt. No. 69 at 2–3.) Evergreen's counsel raised concerns over request numbers 92–98 and 112. (*See id.*) Although Plaintiff's counsel did agree to narrow request number 112 to some degree, the parties could not come to an agreement regarding the requests. (*See id.*) Consequently, Evergreen filed a motion for a protective order preventing Plaintiff from seeking responses to those requests. (Dkt. No. 67.)

## II. DISCUSSION

### A. Legal Standard

Discovery motions are strongly disfavored. "Parties may obtain discovery regarding any

ORDER
C19-0886-JCC
PAGE - 2

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Proportionality is a matter of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If a party believes that a request for production is irrelevant or disproportionate to the needs of the case, then it may move for a protective order. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order bears the burden of showing that there is good cause for the court to issue the order. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011).

### B. Request for Production Numbers 92–98

Evergreen argues that it should not have to respond to request numbers 92–98 because the requests seek sensitive information that is irrelevant to the case. (*See* Dkt. No. 67 at 7–10.) Plaintiff argues in response that the departures of nonparty physicians from Evergreen are relevant to his claim that Evergreen had a "custom, practice, or policy" of denying people due process and retaliating against peoples' exercise of free speech. (*See* Dkt. No. 74 at 5.)

A person's reasons for departing from a job can be highly sensitive. The person might leave their job because they were harassed by a coworker, because they struggled with a mental illness, or because they made an embarrassing mistake. Given the potentially sensitive nature of the subject, courts take "special care" before allowing discovery into private aspects of a person's employment history. *See Boltzer v. L-3 Commc'ns Corp.*, 287 F.R.D. 507, 510 (D. Ariz. 2012) ("Personnel files may contain information that is both private and irrelevant to the case, therefore special care must be taken before personnel files are turned over to an adverse party."); *cf. Seattle Times Co. v. Rinehart*, 467 U.S. 20, 35 n.21 (1984) ("Although [Rule 26(c)] contains

no specific reference to privacy . . . such matters are implicit in the broad purpose and language of the Rule."). Thus, while private aspects of a person's employment history are discoverable if relevant, *see Lauer v. Longevity Med. Clinic PLLC*, Case No. C13-0860-JCC, slip op. at 4 (W.D. Wash. 2014) (requiring disclosure of personnel files in employment discrimination case because those files could provide evidence of "comparators" and a "pattern or practice" of discrimination), there must be an "objective basis" to believe that those aspects might be relevant. *See Paschal v. Am. Family Mut. Ins. Co.*, Case No. C14-1640-RSM, slip op. at 4 (W.D. Wash. 2015) (denying request for personnel files where plaintiff provided no "objective basis" to believe that those files would reveal that defendant offered employees incentives to undervalue claims); *Darwish v. Family Dollar Stores, Inc.,* 2010 WL 2086107, slip op. at 2 (D. Colo. 2010) ("[S]eeking such records about a nonparty witness without some basis in fact is the classic fishing expedition."); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 23–24 (D.D.C. 2005) (limiting discovery of employment records of non-parties to "records involving possible patterns similar to the facts in the present case"). The theoretical possibility that those aspects could somehow be relevant is not enough.

     In a prior order, the Court held that Plaintiff had offered no objective basis to believe that the circumstances surrounding the departures of Dr. Beiter, Dr. Abdu, Dr. Nora, Dr. Price, or Dr. Geise are relevant. (*See* Dkt. No. 109 at 10, 13.) The same conclusion applies here. In addition, Plaintiff has not offered an objective basis to believe that the circumstances surrounding the departures of Mr. Malte, Ms. Pickett, or Ms. Michalek are relevant. Regarding Mr. Malte, Plaintiff argues that the requested information is relevant because he was "CEO during much of the retaliatory peer review activity described in the complaint." (*See* Dkt. No. 74 at 7.) This is an insufficient basis to pry into the reasons for Mr. Malte's departure. *Compare Lauer*, Case No. C13-0860-JCC, slip op. at 4, *with Paschal*, Case No. C14-1640-RSM, slip op. at 4. And as for Ms. Pickett and Ms. Michalek, Plaintiff argues that the requests are relevant because they will be witnesses and the reasons for their departure might shed light on their credibility. (*See* Dkt. No.

74 at 8.) But the theoretical possibility that Ms. Pickett and Ms. Michalek's departures might undermine (or bolster) their credibility is not, standing alone, enough to justify Plaintiff's requests for production. Indeed, what Plaintiff describes is a "classic fishing expedition." *Darwish*, 2010 WL 2086107, slip op. at 2.

Because Plaintiff offers no objective basis to believe that these individuals departures are relevant, the Court GRANTS Evergreen's motion for a protective order with respect to request numbers 92–98.

### C. Request for Production Number 112

Evergreen objects to request number 112 on the grounds that it seeks "commercially sensitive information" that is "completely irrelevant to Plaintiff's claims in this case." (*See* Dkt. No. 67 at 10.) In a prior order, the Court rejected Evergreen's objections about the commercial sensitivity of its strategic plans for the neurosurgery department because there is no absolute privilege for commercially sensitive information and because Evergreen failed to show that disclosure of the information might be harmful. (*See* Dkt. No. 109 at 7.) The same conclusion applies here. Furthermore, request number 112 seeks relevant information. Plaintiff has shown that the request could shed light on an alternative or non-retaliatory explanation for Defendants actions towards him. (*See* Dkt. No. 4 74 at 4.) The request could also provide important background information for Plaintiff's claim that Evergreen had an economic motive to rescind his privileges. (*See* Dkt. No. 28 at 41–42.) The Court therefore DENIES Evergreen's motion for a protective order with respect to request number 112.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Evergreen's motion for a protective order (Dkt. No. 67). The Court ORDERS Evergreen to respond to request number 112. Evergreen is not required to respond to request numbers 92–98.

//

//

1     DATED this 17th day of December 2019.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE