THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALI J. NAINI,

           Plaintiff,

   v.

KING COUNTY HOSPITAL DISTRICT NO. 2 d/b/a EVERGREEN HOSPITAL MEDICAL CENTER *et al.*,

           Defendants.

CASE NO. C19-0886-JCC

ORDER

This matter comes before the Court on Defendants' motion to dismiss certain claims (Dkt. No. 104). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion in part and DENIES the motion in part for the reasons explained herein.

## I.    BACKGROUND

The Court previously laid out the allegations in Plaintiff's third amended complaint and will not repeat those allegations here. (*See* Dkt. No. 79 at 1–4.) On October 18, 2019, the Court dismissed some of Plaintiff's claims. (*See generally id.*) Four of those claims are relevant to the instant motion.

The first two were Plaintiff's 42 U.S.C. §§ 1983 and 1985 claims against Defendant King County Hospital District No. 2 ("Evergreen") and the individual Defendants in their official capacities. (*Id.* at 17.) The Court dismissed those claims because Plaintiff failed to allege facts

showing that Evergreen's Board of Commissioners ratified the decision to not renew his hospital privileges. (*Id.* at 16–17 & n.5.) However, the Court recognized that there was uncertainty as to whether Plaintiff was pleading that the Board ratified the decision. (*Id.* at 17.) Accordingly, the Court granted Plaintiff leave to amend his complaint to allege that the Board ratified the decision to not renew his privileges. (*Id.*)

The other relevant claims were Plaintiff's defamation and false light claims. (*Id.* at 14.) The Court dismissed those claims because Plaintiff alleged communications that were either privileged or related to peer-review and therefore barred by Wash Rev. Code § 7.71.030. (*Id.* at 13–14.) But the Court recognized that certain statements about Plaintiff were unlikely to be privileged or related to peer-review. (*Id.* at 14.) Consequently, the Court granted Plaintiff leave to amend his complaint to allege such statements. (*Id.*) The precise wording of the Court's order was as follows:

> Plaintiff could cure the deficiencies in [his defamation] claim by alleging facts establishing that Defendants made non-privileged, defamatory statements after Defendants' announcement that Plaintiff no longer had hospital privileges. The Court therefore GRANTS Plaintiff leave to amend his complaint to allege, if he can, that Defendants made such statements.
>
> *iii. False Light*
>
> Plaintiff's false light claim suffers from the same deficiencies as his defamation claim. Consequently, the Court DISMISSES Plaintiff's false light claim. The Court also GRANTS Plaintiff leave to amend his complaint to allege, if he can, that Defendants made actionable statements after Defendants sent the broadcast email.

(*Id.*)

On November 13, 2019, Plaintiff filed his fourth amended complaint. (Dkt. No. 98.) In that complaint, Plaintiff renews his §§ 1983 and 1985 claims against Evergreen. (*Id.* at 49–51.) In doing so, Plaintiff alleges that the Board "ratified the decision to remove [Plaintiff] from the medical staff," that the Quality Peer Review Committee ("QPRC") acknowledged the Board's action, and that Defendant Dr. James O'Callaghan informed Plaintiff of what the Board had done. (*Id.* at 39–40, 49.) Plaintiff also renews his defamation and false light claims, alleging that

Defendant Dr. Melissa Lee made several defamatory and misleading statements prior to Evergreen suspending Plaintiff's privileges. (*Id.* at 45–47.) Defendants now move to dismiss Plaintiff's renewed defamation and false light claims and his renewed §§ 1983 and 1985 claims against Evergreen and the individual Defendants in their official capacities.[1] (Dkt. No. 104 at 2.) Defendants also move for sanctions under Federal Rule of Civil Procedure 11. (*Id.* at 10–12.)

## II. DISCUSSION

### A. Legal Standard

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. Although the court must accept as true a complaint's well-pleaded facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The plaintiff is obligated to provide grounds for their entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Dismissal under Rule 12(b)(6) "can [also] be based on the lack of a cognizable legal theory." *Balistreri v.*

---

[1] In addition, Defendants move to dismiss all claims against Defendant EvergreenHealth Medical Center Medical Staff. Plaintiff included those claims because Plaintiff's motion for reconsideration was pending when he filed his fourth amended complaint. (Dkt. No. 108 at 25 n.4.) Plaintiff acknowledges that following the Court's denial of his motion for reconsideration, his claims against the Medical Staff should be dismissed. (*See id.*) Accordingly, the Court DISMISSES with prejudice all claims against the Medical Staff.

1 | *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

When assessing the sufficiency of a complaint under Rule 12(b)(6), the court ordinarily must not consider material outside of the pleadings. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). There are two exceptions to this rule. First, the incorporation-by-reference doctrine allows the court to "consider evidence on which the 'complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.'" *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 988 (9th Cir. 2010) (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). Second, the court is permitted to take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). A fact is not subject to reasonable dispute if it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*

### B. Plaintiff's §§ 1983 and 1985 Claims

Defendants argue that the Court should dismiss Plaintiff's §§ 1983 and 1985 claims and impose Rule 11 sanctions for two reasons. First, Defendants argue that "Plaintiff has not pleaded that the Evergreen Board voted upon or otherwise ratified the recommendation not to renew [Plaintiff's] privileges through any official action." (Dkt. No. 104 at 12.) Second, Defendants contend that even if Plaintiff pleaded that the Board ratified the decision to not renew his privileges, a "minimal factual inquiry would disprove" the allegation.[2] (*See id.*) (quoting *Chaudhry v. Gallerizzo*, 174 F.3d 394, 410–11 (4th Cir. 1999)).

The first argument is simply incorrect. On page 49 of the fourth amended complaint,

---

[2] Defendants also ask the Court to dismiss Plaintiff's claims against the individual Defendants in their official capacities. (Dkt. No. 104 at 11 n.3.) The Court previously held that the individual Defendants' actions do not render Evergreen liable under §§ 1983 or 1985. (*See* Dkt. No. 79 at 16–17 & n.5.) The fourth amended complaint does not allege new acts taken by the individual Defendants that are relevant to Plaintiff's §§ 1983 or 1985 claims. (*See* Dkt No. 98 at 47–51.) Consequently, the Court DISMISSES without prejudice Plaintiff's §§ 1983 and 1985 claims against the individual Defendants in their official capacities.

Plaintiff states, "On January 15, 2019, the Evergreen Hospital Board of Commissioners, which has final policymaking authority over the hospital and final authority over privileging decisions and medical staff appointments, ratified the decision to remove [Plaintiff] from the medical staff." (Dkt. No. 98 at 49.) Thus, Plaintiff's complaint does not, as Defendants claim, "dance around this issue," (Dkt. No. 104 at 12); it addresses the issue head on and affirmatively alleges that the Board ratified the decision to not renew Plaintiff's privileges.

The second argument overstates the strength of Defendants' evidence that Plaintiff "must have known" that the Board never took a final policy action. *See Truesdell v. S. Cal. Permanente Med. Grp.*, 239 F.3d 1146, 1154 (9th Cir. 2002). That evidence consists of three pieces: (1) the declaration of Frederick Allison DeYoung, Chairman of the Board, stating that the Board did not take any action with respect to Plaintiff's privileges, (*see* Dkt. No. 81 at 2–3); (2) the deposition testimony of Dr. O'Callaghan claiming that the Board did not make a final decision, (*see* Dkt. No. 82-3 at 7–8); and (3) Plaintiff's deposition testimony observing that the Board "did not approve *it*," (*see* Dkt. No. 82-41 at 4) (emphasis added).[3] These pieces of evidence do not conclusively disprove Plaintiff's allegation that the Board ratified the decision to not renew his privileges. The first two are self-serving statements made by Evergreen employees—statements that Plaintiff plausibly alleges are false. (*See* Dkt. No. 98 at 39–40.) The third is a cherry-picked quote in which Plaintiff states that an email falsely claimed that the Board approved his

---

[3] Defendants also cite to several of Plaintiff's interrogatory responses in an attempt to show that he admitted that the Board did not approve the decision to not renew his privileges. (*See* Dkt No. 104 at 12) (citing Dkt. No. 82-9 at 4–5, 8, 14). However, as Plaintiff correctly points out in his response, none of the cited pages support Defendants' argument. (*See* Dkt. No. 108 at 15–17.) On pages four through five of his interrogatory responses, Plaintiff summarizes but does not endorse Dr. O'Callaghan's testimony that the Board did not make a final decision. (*See* Dkt. No. 82-9 at 4–5.) On page eight, Plaintiff states that either the Board violated Evergreen's bylaws by revoking his privileges without a hearing or Dr. O'Callaghan lied when he told Plaintiff that Plaintiff's privileges had been terminated. (*Id.* at 5.) And on page 15, Plaintiff states that Evergreen violated his due process rights when he "was barred from Evergreen Hospital . . . based on the Board of Commissioners' supposed 'final action' to terminate his privileges." (*Id.* at 15.) Defendants' citation to these responses verges on being misleading.

1 resignation. (*See* Dkt. No. 82-41 at 4.)

2 The second argument also ignores the plausible allegations in Plaintiff's fourth amended complaint. According to those allegations, the Board took adverse action against Plaintiff's privileges on January 15, 2019. (Dkt. No. 98 at 39.) One day later, the QPRC purportedly acknowledged that Plaintiff was "no longer on staff," which one would expect if the Board had just taken final action to not renew his privileges. (*Id.*) The next day, Dr. O'Callaghan allegedly told Plaintiff that the Board had approved the recommendation to not renew Plaintiff's privileges—again as one would expect. (*Id.* at 39–40.) And that same day, Evergreen's medical staff coordinator apparently sent an email containing the subject line "Board Approvals" and stating Plaintiff was "no longer on staff." (*Id.*) Defendants do not deny that the events following the January 15 Board meeting occurred; Defendants simply offer alternative explanations for why they occurred. (*See* Dkt. No. 104 at 10–12.) While a jury might ultimately believe Defendants' explanations, it would be inappropriate to dismiss Plaintiff's plausible §§ 1983 and 1985 claims under Rule 12(b)(6). The Court therefore DENIES Defendants' motion to dismiss Plaintiff's §§ 1983 and 1985 claims against Evergreen. And because those claims have evidentiary support, the Court also DENIES Defendants' request for Rule 11 sanctions. *See* Fed. R. Civ. P. 11(b)(3); *Chaudhry*, 174 F.3d at 410–11.

### C. Plaintiff's Defamation and False Light Claims

Defendants ask the Court to dismiss Plaintiff's defamation and false light claims because Plaintiff's fourth amended complaint does not comply with the Court's October 18, 2019 order. (Dkt. No. 104 at 6.) That order granted Plaintiff leave to amend his complaint to allege, if he could, that "Defendants made actionable statements after Defendants sent the broadcast email." (*See* Dkt. No. 79 at 14.) Plaintiff's fourth amended complaint does not allege that Defendants made such statements. (*See* Dkt. No. 98 at 45–47.) Instead, it alleges that Dr. Lee made a series of statements prior to 2018 defaming Plaintiff and portraying him in a false and misleading

light.[4] (*See id.*) Those statements fall outside of the plain text of the Court's October 18, 2019 order. (*See* Dkt. No. 49 at 14.) Plaintiff therefore lacked permission to amend his complaint to bring defamation and false light claims based on those statements. Accordingly, the Court DISMISSES without prejudice Plaintiff's defamation and false light claims.

Plaintiff may, of course, seek the Court's leave to amend his complaint. *See* Fed. R. Civ. P. 15(a)(2), 16(b)(4). But to do so, Plaintiff must file a motion. *See* Fed. R. Civ. P. 7(b)(1). Any such motion must explain why there is "good cause" to allow an amendment now that the deadline for pleading amendments has passed. *See* Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); (Dkt. No. 25) (requiring pleading amendments to be filed by October 4, 2019).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' motion to dismiss Plaintiff's §§ 1983 and 1985 claims against Evergreen; DENIES Defendants' request for Rule 11 sanctions; DISMISSES without prejudice Plaintiff's §§ 1983 and 1985 claims against the individual Defendants in their official capacities; DISMISSES with prejudice Plaintiff's defamation and false light claims based on Defendants' "resignation" email; DISMISSES without prejudice Plaintiff's other defamation and false light claims; and DISMISSES with prejudice all of Plaintiff's claims against the Medical Staff.

//

//

//

---

[4] Plaintiff's fourth amended complaint also includes Defendants' "resignation" email as a basis for his defamation and false light claims. (Dkt. No. 98 at 46.) Plaintiff explains that he included the resignation email in his fourth amended complaint because his motion for reconsideration was pending when he filed the complaint. (Dkt. No. 108 at 25.) Plaintiff recognizes that the Court's ruling on his motion for reconsideration forecloses defamation and false light claims based on the email. (*Id.*) The Court therefore DISMISSES with prejudice Plaintiff's defamation and false light claims based on the email.

1    DATED this 3rd day of January 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE